**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**KEITH SAMPSON, #1132316,**

**Petitioner,**

**v.** **ACTION NO. 2:15cv370**

**HAROLD W. CLARKE, Director,**
**Virginia Department of Corrections,**

**Respondent.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Keith Sampson ("Sampson") is a Virginia inmate currently serving a thirty-one year sentence following convictions for two counts of robbery, two counts of using a firearm in commission of a robbery, and one count of felon in possession of a firearm. His pro sé federal habeas petition under 28 U.S.C. § 2254 alleges seven claims. Respondent moved to dismiss the petition, and the matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72 of the Federal Rules of Civil Procedure, and the Local Rules of this court. For the reasons outlined below, the undersigned RECOMMENDS that the court GRANT Sampson's Motion to Amend (ECF No. 14), GRANT Respondent's Motion to Dismiss (ECF No. 5), and that Sampson's habeas petition be DENIED and DISMISSED with prejudice.

## I. STATEMENT OF THE CASE

In March 2012, following a jury trial in the Circuit Court of the City of Chesapeake, Sampson was convicted of two counts of robbery in violation of Virginia Code § 18.2-58 and two counts of use of a firearm in commission of a felony in violation of Virginia Code § 18.2-53.1. Commonwealth v. Sampson, Nos. CR11-735-09 - CR11-735-12 (Va. Cir. Ct. Mar. 1, 2012).[1] A separate jury trial was conducted in May 2012, and Sampson was convicted of possession of a firearm by a violent felon pursuant to Virginia Code § 18.2-308.2. Commonwealth v. Sampson, No. CR11-735-08 (Va. Cir. Ct. May 18, 2012). All five charges stemmed from the same incident. On June 19, 2012, the court sentenced Sampson to twenty-eight years' imprisonment to be followed by post-release supervision. Sentencing Order, Commonwealth v. Sampson, Nos. CR11-735-08 - CR11-735-12 (Va. Cir. Ct. July 2, 2012) (sentencing Sampson to five years' imprisonment for the violent felon in possession of a firearm charge; nine years' imprisonment for each robbery charge for a total of eighteen years; and three years' imprisonment and five

[1] Sampson's first trial in August 2011 ended in a mistrial. At the August trial, the court granted Sampson's motion to strike two counts of abduction and two counts of use of a firearm in the commission of abduction. See Trial Tr. at 143-57, 194, Commonwealth v. Sampson, Nos. CR11-735-00 - CR11-735-07 (Va. Cir. Ct. Aug. 9, 2011). Following the mistrial and the dismissal of the abduction-related charges, the Chesapeake Circuit Court renumbered the robbery-related charges: Indictment Numbers CR11-735-09 - CR11-735-12. The charge of possession of a firearm by a violent felon was not renumbered (CR11-735-08).

years' imprisonment for the two use of a firearm in commission of a felony charges). The court entered a correction order on August 6, 2012, amending Sampson's sentence to thirty-one years' imprisonment. Correction Order, Commonwealth v. Sampson, Nos. CR11-735-08 - CR11-735-12 (Va. Cir. Ct. Aug. 6, 2012) (correcting the total years to be served).

Sampson, by counsel, appealed his conviction to the Court of Appeals of Virginia. Sampson v. Commonwealth, No. 1169-12-1 (Va. Ct. App. Jan. 30, 2013). He argued that the evidence presented at his trials was insufficient as a matter of law to prove the charges, and that his Sixth Amendment right to a jury trial was violated because the "jury [was] drawn from a venire pool that did not reflect the approximate percentage of African-Americans in the City of Chesapeake, Virginia." Pet. for Appeal, Sampson v. Commonwealth, No. 1169-12-1 (Va. Ct. App. Nov. 6, 2012). The Court of Appeals of Virginia denied his appeal, holding that "[f]rom the evidence presented, the jury could have concluded appellant committed the robbery and the use of a firearm offenses," and that as to the composition of the jury venire, "appellant made no showing of historic under-representation," and therefore the trial court did not err in its ruling. Sampson v. Commonwealth, No. 1169-12-1 (Va. Ct. App. Jan. 30, 2013) (per curiam). In denying his appeal, the

Court of Appeals of Virginia provided the following summary of the facts related to the robbery and use of a firearm charges:

> Just prior to closing of a Family Dollar store, a man armed with a gun entered the store and demanded money. Two employees, Anita Lewis and Danina Simpson, were inside the business. Lewis testified the gunman ordered her to open the safe and then he told Lewis and Simpson to go to the back of the store. He also threatened to kill the women. About $2,000, deposit slips, and keys were taken from the safe. Money was also taken from the cash register.
>
> ...
>
> Although neither victim could identify the robber and their descriptions of the robber differed in some respects, as the trial court noted, the robber forced the victims to lie on the floor and he threatened to kill them while pointing a gun at them. Thus, they had little opportunity to view the robber. Furthermore, other evidence connected appellant to the crimes. Just after the incident, officers pursued the suspect through nearby yards and over fences. They found appellant hiding behind a shed. Appellant had over $1,200 in cash on his person, and officers recovered a total of $2,190 in cash, about the same amount of money that was taken from the store. Other items identified as the contents of the Family Dollar safe were found near appellant. In addition, the victims identified the recovered gun as the gun that was used in the robbery. Appellant was wearing only a shirt on a cold night, and he could not be eliminated as a contributor to the DNA sample analyzed from the gray fleece jacket found at the fence.

Id. at 1, 3. As to the felon in possession of a firearm charge, the Court of Appeals summarized the evidence as follows:

> [B]oth victims testified the robber possessed a gun that was recovered from the yard adjoining the yard where appellant was hiding. Officer Rich testified the gun was found "where [appellant] jumped the ... fence" between two yards and officers had pursued appellant through that yard.... From the evidence

> presented, the jury could have concluded appellant actually possessed the recovered firearm during the incident. Alternatively, from appellant's conduct of fleeing from the police and the proximity of the gun to appellant's hiding place, the jury could have inferred the gun was subject to appellant's dominion and control and he was aware of the presence, nature, and character of the abandoned gun and constructively possessed it.

Id. at 4. As to Sampson's argument regarding the composition of the jury venire, the Court of Appeals stated:

> The trial court admitted into evidence an affidavit signed by the Jury Coordinator for the Circuit Court of the City of Chesapeake which described the procedures used for summonsing jurors. The affidavit showed the juror names are randomly selected from DMV and voter registration lists and the computer software utilized by the City of Chesapeake ... does not track ethnic background. Although appellant argued the jury contained an under-represented percentage of African-Americans, he presented no evidence as to what percentage of the whole population of Chesapeake consists of African-Americans.

Id. at 5.

Following the Court of Appeals' denial of Sampson's appeal, Sampson, by counsel, filed a motion for a three-judge review of the decision, and this motion was denied on April 24, 2013. Notice of Demand for a Three-Judge Review, Sampson v. Commonwealth, No. 1169-12-1 (Va. Ct. App. Apr. 24, 2013). The Supreme Court of Virginia refused Sampson's appeal on October 28, 2013. Sampson v. Commonwealth, No. 130828 (Va. Oct. 28, 2013).

On August 20, 2014, Sampson filed a petition for a writ of habeas corpus in the Chesapeake Circuit Court. State Habeas Pet., Sampson v. Clarke, No. CL14-2100 (Va. Cir. Ct. Aug. 20, 2014). His petition asserted eleven claims - nine ineffective assistance of counsel claims and two claims related to the prosecutor's and court's conduct at trial:

> (1) counsel "failed to adequately challenge the Commonwealth's forensic evidence, specifically by failing to request appointment of a DNA expert;"
>
> (2) "counsel failed to discover information which would be material ... in the form of police reports made in connection with the investigation;"
>
> (3) counsel failed to investigate alleged crime and possible defenses by failing to interview witnesses;
>
> (4) "counsel did not render an adequate defense," resulting in a conviction based "upon a total lack of evidence;"
>
> (5) counsel's conduct "fell below 'prevailing professional norms'" when "counsel was granted funds to hire an expert in DNA collection," but "he did not assert that 'expert assistance;'"
>
> (6) counsel failed to "investigate the DNA analysis and discredit the scientific evidence;"
>
> (7) counsel "failed to develop a 'sound trial strategy;'"
>
> (8) counsel failed to "adequately investigate and present relevant evidence in mitigation at the sentencing phase;"
>
> (9) counsel "failed to challenge jury selection procedures;"
>
> (10) the prosecutor "racially discriminated in the jury selection" in violation of Batson v. Kentucky;

> (11) the court sentenced Sampson "for crimes other than which he had been convicted."

Id. In a twelve-page order dated November 17, 2014, which addressed the merits of Sampson's state habeas claims, the Chesapeake Circuit Court dismissed his petition. Final Order, Sampson v. Clarke, No. CL14-2100 (Va. Cir. Ct. Nov. 17, 2014). Sampson attempted to appeal the dismissal of his state habeas petition to the Supreme Court of Virginia in January 2015, however, he failed to properly file a notice of appeal with the trial court. On February 27, 2015, the Supreme Court dismissed the petition for failure to file a notice of appeal. Sampson v. Clarke, No. 150101 (Va. Feb. 27, 2015). The Supreme Court of Virginia denied Sampson's petition for rehearing on April 23, 2015. Sampson v. Clarke, No. 150101 (Va. Apr. 23, 2015).

Sampson then filed his federal habeas petition, pro sé, alleging seven claims for habeas relief that largely follow the claims he asserted in his state habeas petition: (1) the evidence was insufficient to convict him; (2) his right to an impartial jury was violated; (3) trial counsel was ineffective because he failed to "seek relevant information;" (4) trial counsel was ineffective because he failed to investigate and interview witnesses; (5) "[t]rial counsel was ineffective because he failed to render an adequate defense;" (6) "[t]rial counsel was ineffective when he failed to investigate and make

some effort to discredit the states' [sic] DNA and scientific evidence;" and (7) his right to a "non-discriminatory jury trial ... was violated." (ECF No. 1, at 3-4).

The Respondent filed a motion to dismiss the petition, arguing that Sampson's petition is untimely, and that his claims are procedurally defaulted and lack merit. Resp't's Br. (ECF No. 7, at 3-14). Sampson received notice of the motion and his opportunity to respond, as required by Local Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). After Sampson filed two motions requesting additional time to respond, which the court granted, the court received Sampson's response. (ECF No. 13). On June 23, 2016, Sampson filed a motion to amend his petition. (ECF No. 14). In his motion, he argues that he was "convicted for crimes the Grand Jury did not indict[] [him] on," he seeks to "submit into evidence" several pages of the transcript from his sentencing hearing, and he asks "the Court to vacate the convict[ion] under indictments -09-10-11-12, and reverse[] & remand[] on the indictment -08." Id. at 2, 4.

## II. RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. The Statute of Limitations Imposes a One-Year Filing Deadline for Federal Habeas Petitions.

Sampson's petition is untimely because it is barred by the statute of limitations that applies to federal habeas corpus petitions. The Antiterrorism and Effective Death Penalty Act of

1996 ("AEDPA") sets forth a one-year statute of limitations applicable to petitions for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period begins to run on the latter of (1) the date of final judgment, id. § 2244(d)(1)(A), or (2) the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," id. § 2244(d)(1)(D).

The date of final judgment in § 2244(d)(1)(A) refers to the conclusion of direct review or the date when the time for pursuing an appeal of the judgment expires. Id. § 2244(d)(1)(A). For the purposes of subsection (A), although state habeas petitions may toll the running of the limitations period, they do not extend the date on which the conviction becomes final. See Wade v. Robinson, 327 F.3d 328, 332, 333 & n.4 (4th Cir. 2003) ("[F]ederal courts do not look to the date of the state court's denial of habeas relief as the date on which the custody judgment becomes final, but, rather, to the date the conviction is affirmed on direct review.").

Section 2244(d)(1)(D) provides that the time limitation also may run from the date on which the factual predicate of a petitioner's claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D). Under subsection (D), the limitations period begins to run when the

petitioner has the opportunity to discover a factual predicate through public sources. Wade, 327 F.3d at 333 (finding that petitioner could have discovered the factual predicate of his claim on the date when his parole revocation became final).

The one-year limitations period of the AEDPA applies to Sampson's petition in this court because he is a person currently in custody pursuant to his 2012 convictions and sentence in the Chesapeake Circuit Court. See Wade, 327 F.3d at 331. The statute of limitations began to run on January 27, 2014, ninety days after the Supreme Court of Virginia refused his petition for appeal from the Court of Appeals of Virginia. Absent tolling, his federal habeas petition would have been due on January 27, 2015. The federal limitations period is tolled if the petitioner properly files a state habeas petition. 28 U.S.C. § 2254(d)(2). However, the limitations period is not tolled if the petition, or any appeal from the court's decision regarding the petition, is not properly filed. Id.; Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). A petition is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." DiCaprio-Cuozzo v. Johnson, 744 F. Supp. 2d 548, 558 (E.D. Va. 2010) (citing Artuz v. Bennett, 532 U.S. 4, 8 (2000)). If a filing does not comply with the applicable laws and rules, "but is ... accepted by the clerk of a state court, [it] is not a properly

filed application; it is merely a 'pending' application that does not toll the limitation period." Id.

Here, Sampson properly filed a state habeas petition with the Chesapeake Circuit Court on August 20, 2014 - tolling the federal limitations period from August 20, 2014, to December 17, 2014, thirty days after the Chesapeake Circuit Court decision. Although Sampson attempted to file an appeal with the Supreme Court of Virginia in January 2015,[2] he failed to file a notice of appeal with the trial court, which is required to perfect an appeal to the Supreme Court of Virginia. See Va. Sup. Ct. R. 5:9(a). The Supreme Court of Virginia dismissed his appeal for this reason on February 27, 2015. Sampson v. Clarke, No. 150101 (Va. Feb. 27, 2015). Because Sampson did not file a proper notice of appeal, his appeal was considered not "properly filed" and did not toll the limitations period. His federal habeas petition was thus due by May 26, 2015.[3] Pursuant to Houston v. Lack, 487 U.S. 266 (1988), a pro sé litigant's submission is

---

[2] Sampson mailed several filings to the Supreme Court of Virginia in January 2015, with the earliest filing dated January 13, 2015.

[3] Sampson filed his state habeas petition on August 20, 2014, at which point 205 days had elapsed of the one-year federal habeas deadline. Though tolled by the filing of the state habeas petition, the federal limitation period continued thirty days after the Chesapeake Circuit Court entered its Final Order denying Sampson's state habeas claims. Because Sampson failed to properly file his appeal with the Supreme Court of Virginia, his attempt to appeal the state court decision did not toll the federal limitations period. The 160 days remaining in his federal limitation period began running again on December 17, 2014, and expired on May 26, 2015.

considered filed on the date it is delivered to prison officials for mailing. Here, the petition is dated July 31, 2015, although as indicated by the date stamp on the envelope that contained Sampson's petition, it was not mailed until August 10, 2015. See (ECF No. 1, at 14, 27-28); (ECF No. 1-3); (ECF No. 1-4). The court received the filing on August 14, 2015, and it was docketed on the court's electronic filing system on August 20, 2015. (ECF No. 1, at 1). Without determining the exact date that Sampson submitted his petition to prison officials, Sampson's petition is untimely because it was due by May 26, 2015, and the petition can be considered filed no earlier than July 31, 2015, the date Sampson signed it.

Sampson also fails to show that he filed his petition within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" as set forth in 28 U.S.C. § 2244(d)(1)(D). In his present petition, four of his seven claims allege ineffective assistance of counsel, and his other three claims involve constitutional challenges to the jury selection process and the sufficiency of the evidence presented at his trial. All of his state and federal claims arise from actions taken by his trial counsel, the prosecutor, or the trial judge, and Sampson does not make any showing that he discovered the factual predicates for these claims within one year of

filing his present habeas petition. Accordingly, his petition is time-barred absent grounds for equitable tolling. 28 U.S.C. § 2244(d); Holland v. Florida, 560 U.S. 631, 634 (2010). Sampson has provided no rationale for his failure to file a timely petition, demonstrating neither diligence nor any exceptional obstacle to prevent his timely filing. Holland, 560 U.S. at 634. Sampson is therefore not entitled to equitable tolling. Although claims of "actual innocence" may, in rare cases, permit the court to examine an untimely filing, Sampson does not present any claim of actual innocence, and he does not present any new evidence to support such a claim. McQuiggin v. Perkins, 133 S.Ct. 1924 (2013). Accordingly, because Sampson's petition is untimely, and he has not presented a basis to excuse the delay, this report recommends the court dismiss his petition.

If the court were to consider the federal limitations period tolled from August 20, 2014, to February 27, 2015, the date when the Supreme Court of Virginia refused his habeas appeal due to his improper filing, Sampson's federal habeas petition would be timely. However, improper filings do not toll the limitations period. See 28 U.S.C. § 2254(d)(2); Pace, 544 U.S. at 417. Moreover, even if the court were to reach the merits of Sampson's claims, as discussed below, his claims are procedurally defaulted and lack merit.

**B. Sampson's Exhausted Claims Do Not Satisfy the Deferential Standard of Review Under § 2254(d).**

If the court were to consider Sampson's federal habeas petition timely and assess the merits of his claims, his first and second claims would be considered exhausted because he raised these claims on direct appeal to the Supreme Court of Virginia. See Sampson v. Commonwealth, No. 130828 (Va. Oct. 28, 2013); see also Pet. for Appeal, Sampson v. Commonwealth, No. 1169-12-1 (Va. Ct. App. Nov. 6, 2012). Once a petitioner's state remedies have been exhausted, a federal court still may not grant relief on any claim adjudicated on the merits by the state court, unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law" or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)-(2).[4] Therefore, the court is obliged to analyze these claims under 28 U.S.C. § 2254(d) by assessing the reasonableness of the Court of Appeals of Virginia's decision,

---

[4] A state court's decision is contrary to clearly established federal law if the court arrives at a conclusion opposite to one reached by the Supreme Court on a question of law, or decides a case differently than the Supreme Court on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court unreasonably applies clearly established law if it identifies the correct legal principle, but unreasonably applies it to the facts of the case. Id. at 413. A state court makes an unreasonable determination of fact when its application of the law depends, in whole or in part, on a factual finding that is not supported by evidence in the record. See Wiggins v. Smith, 539 U.S. 510, 528 (2003).

which is the "last reasoned decision." Ylst v. Nunnemaker, 501 U.S. 797, 805 (1991) (holding that the federal habeas court looks to the last explained state court judgment).

1. **Claim One: The Court of Appeals of Virginia's Conclusion That the Evidence Was Sufficient to Convict Sampson Was Not Contrary to, or an Unreasonable Application of, Clearly Established Federal Law.**

In Sampson's first claim, he argues that "the evidence was insufficient to prove beyond a reasonable doubt that [he] committed the robbery and use of a firearm [in the robbery] or possessed a gun in violation of Va. Code 18.2-308.2." (ECF Nos. 1, at 5; 1-1, at 8). An essential element of the right to due process secured by the Fourteenth Amendment to the Federal Constitution is that "no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof - defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 443 U.S. 307, 316 (1979) (citing In re Winship, 397 U.S. 358 (1970)). Therefore, a petitioner who alleges that the evidence was insufficient to sustain a conviction has stated a constitutional claim cognizable in a federal habeas corpus proceeding. Id. at 321.

When reviewing a sufficiency of the evidence claim, the relevant inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of

fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (emphasis in original). The reviewing court must consider circumstantial, as well as direct evidence, and allow the prosecution the benefit of all reasonable inferences from the facts proven to those sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). As the United States Supreme Court has expressly recognized, it is wholly the responsibility of the fact-finder to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences. Jackson, 443 U.S. at 319. In Wright v. West, the Supreme Court expounded upon Jackson, stating:

> In Jackson, we emphasized repeatedly the deference owed to the trier of fact and, correspondingly, the sharply limited nature of constitutional sufficiency review. We said that "all of the evidence is to be considered in the light most favorable to the prosecution"; that the prosecution need not affirmatively "rule out every hypothesis except that of guilt"; and that a reviewing court "faced with a record of historical facts that supports conflicting inferences must presume - even if it does not affirmatively appear in the record - that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."

505 U.S. 277, 296-97 (1992) (emphasis in original) (internal citations omitted).

As stated above, under federal habeas review, the court looks to the state court's decision and assesses only whether it "was contrary to, or involved an unreasonable application of,

clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Here, the Court of Appeals of Virginia conducted a full review of Sampson's claim, and concluded that there was sufficient evidence to convict him on all counts. Thus, Sampson is only entitled to relief if that determination was an unreasonable application of the above-cited United States Supreme Court precedent. The undersigned finds that it was not.

Based on the evidence presented at trial, and as discussed by the Court of Appeals, there was adequate evidence for a reasonable trier of fact to find Sampson guilty of the charged offenses. Sampson argues that the evidence presented was insufficient because the two victims could not identify him, no evidence was presented showing that "a gun ... was subjected to [his] dominion and control," and "no physical evidence connected him to the gun found in the case." (ECF No. 1-1, at 7-8). The Court of Appeals of Virginia held that "if the proof relied upon by the Commonwealth is wholly circumstantial, ... then to establish guilt beyond a reasonable doubt all necessary circumstances proved must be consistent with guilt and inconsistent with innocence." Sampson v. Commonwealth, No. 1169-12-1, at 3 (Va. Ct. App. Jan. 30, 2013) (per curiam)

(citing La Prade v. Commonwealth, 61 S.E.2d 313, 316 (Va. 1950)). As detailed above, the Court of Appeals of Virginia summarized the evidence presented at Sampson's trials, and held that "the jury could have concluded appellant committed the robbery and the use of a firearm offenses," and could have concluded that Sampson possessed the recovered firearm based on the evidence connecting him to the robbery, including the cash found on his person and the other missing items located nearby, as well as the officers' testimony regarding their pursuit of the suspect, the location of Sampson's hiding place, and the relative location of the other recovered items, including the gun. Id. at 3-4. In Sampson's present petition, his arguments about the insufficiency of the evidence are recitations of the arguments raised in his direct appeal and rejected by the Court of Appeals of Virginia. Moreover, based on the evidence presented at trial, including the victims' testimony and the responding officers' testimony, there was sufficient evidence for a reasonable trier of fact to find Sampson guilty. As a result, Sampson cannot establish that the state court decision was unreasonable, or contrary to federal law, and the undersigned recommends that the court dismiss Sampson's first claim.

**2. Claim Two: The Court of Appeals of Virginia's Decision Regarding the Composition of the Jury Was Not Contrary to, or an Unreasonable Application of, Clearly Established Federal Law.**

Sampson's second claim alleges a violation of his Sixth and Fourteenth Amendment rights to a jury that represented a fair cross-section of the community. (ECF Nos. 1, at 6; 1-1, at 8-10). Specifically, Sampson asserts that "thirty-seven jurors were brought in and only four were African American," and even though "Chesapeake's population is twenty three percent African American, the entire panel had 10.8 percent African American jurors." Id. at 9 (citing Trial Tr. at 50-51, Commonwealth v. Sampson, No. CR11-735-08 (Va. Cir. Ct. May 18, 2012); and citing "A mathematical calculation made by Sampson's attorney").

Under the Sixth and Fourteenth Amendments, "a criminal defendant has a constitutional right to a jury that represents a fair cross-section of the community." Khem Un v. United States, No. 1:10cv446, 2015 WL 5016500, at *3 (E.D. Va. Aug. 15, 2015) (citing Berghuis v. Smith, 559 U.S. 314, 331 (2010); Duren v. Missouri, 439 U.S. 357, 360 (1979)). To establish a prima facie violation of this requirement, a defendant must show:

> (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

Duren, 439 U.S. at 364. As to the third prong, a defendant must show that "the underrepresentation was systematic," meaning the underrepresentation is "inherent in the particular jury-selection process utilized." Id. at 366. "However, such systematic exclusion must be proven; it will not be presumed." United States v. Espinoza, 641 F.2d 153, 168 (4th Cir. 1981). And, "the Constitution does not require that the juror selection process be a statistical mirror of the community; it is sufficient that the selection be in terms of a fair cross-section gathered without active discrimination." United States v. Cecil, 836 F.2d 1431, 1445 (4th Cir. 1988).

As discussed above, under federal habeas review, the court analyzes the state court decision under 28 U.S.C. § 2254(d). In the present case, the Court of Appeals of Virginia assessed this claim on direct review. Sampson is therefore only entitled to relief if the Court of Appeal's determination was an unreasonable application of the above-cited United States Supreme Court precedent, and the undersigned finds that it was not.

In Sampson's present petition, he argues that "the state failed to rebut the presumption of purposeful discrimination by competent testimony." (ECF No. 1-1, at 10). When Sampson presented this claim on direct appeal, the Court of Appeals of Virginia held that "[t]he Supreme Court has consistently adhered

to the view that there is no requirement that a petit jury actually chosen must mirror the racial balance of a community," and "appellant made no showing of historic under-representation here." Sampson v. Commonwealth, No. 1169-12-1, at 4-5 (Va. Ct. App. Jan. 30, 2013) (per curiam). The Court of Appeals also noted that Sampson "presented no evidence as to what percentage of the whole population of Chesapeake consists of African-Americans." Id. at 5. And, "[t]he trial court admitted into evidence an affidavit signed by the Jury Coordinator for the Circuit Court of the City of Chesapeake which described the procedures used for summonsing jurors" and "showed the juror names are randomly selected ... and the computer software does not track ethnic background." Id. at 5. The Virginia Court of Appeals' conclusion regarding Sampson's jury composition claim was not contrary to clearly established federal law. That is, the court's conclusion was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 102 (2011). Moreover, based on a review of the record, and assuming without deciding that Sampson is able to meet the first two prongs set forth in Duren v. Missouri, he is unable to show that any such underrepresentation was due "to systematic exclusion of the group in the jury-selection process." Duren, 439 U.S. at 360.

Specifically, he is unable to show that any alleged underrepresentation was "inherent in the particular jury-selection process utilized," id. at 366, because he presents no evidence or facts related to Chesapeake's jury selection process. Accordingly, Sampson is not able to establish that the state court's decision as to his jury composition claim was unreasonable, or contrary to federal law, and the undersigned recommends that Sampson's second claim be dismissed.

**C. Sampson Has Procedurally Defaulted Claims Three to Seven, And He Fails To Show These Claims Are Meritorious.**

As to Sampson's remaining five claims, to obtain review of his petition for a writ of habeas corpus in federal court, Sampson must show that he exhausted the remedies available to him in state court or demonstrate the absence or ineffectiveness of such remedies. 28 U.S.C. § 2254(b)(1). That is, a state prisoner must give the state court an initial opportunity to consider the alleged constitutional errors that occurred in his state trial and sentencing. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). This is so because federal habeas review under § 2254 is limited to review of the state court's decision on a merits issue cognizable under federal law. "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see Picard v. Connor, 404 U.S.

270, 275-76 (1971). This "generally requires that the essential legal theories and factual allegations advanced in federal court be the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). In other words, Sampson must have "present[ed] the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition." Sparrow v. Dir., Dep't of Corr., 439 F. Supp. 2d 584, 587 (E.D. Va. 2006).

If a petitioner presents unexhausted claims, the court may dismiss the federal petition without prejudice to permit exhaustion. See, e.g., George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996). However, "when it is clear that the state law would bar state review, exhaustion is not required, and federal review is precluded." Bassette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990); see also Gray v. Netherland, 518 U.S. 152, 161 (1996). That is, if "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, ... federal habeas corpus review of the defaulted claim" is precluded, "unless the petitioner can demonstrate cause and prejudice for the default." Id. (quoting Gray v. Netherland, 518 U.S. 152, 162 (1996)).

As to Sampson's third, fourth, fifth, sixth, and seventh claims, although he filed a state habeas petition with the Chesapeake Circuit Court raising these claims, he did not properly appeal the decision to the Supreme Court of Virginia. Because Sampson did not properly present these claims to the Supreme Court of Virginia, and Virginia's bar on successive petitions prevents him from filing a new state habeas petition that raises claims based on the same facts, he has procedurally defaulted claims three to seven. See Va. Code Ann. § 8.01-654(B)(2); see also Mills v. Pearson, No. 1:13cv317, 2014 WL 559675, at *2 (E.D. Va. Feb. 12, 2014). That is, resting on independent and adequate state law ground, the state habeas decision is barred from review in this court, "absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence." Id.; see Clagett v. Angelone, 209 F.3d 370, 379 (4th Cir. 2000) (holding that Virginia Code § 8.01-654 constitutes an independent and adequate state law ground). Sampson has not argued that his default is excusable under any of these grounds. The court's review of the record also discloses no ground upon which Sampson could obtain review of his defaulted claims.

Moreover, the potential avenue of cause to excuse default of ineffective assistance claims, as set forth in Martinez v. Ryan, 132 S. Ct. 1309 (2012), does not apply to Sampson's

claims. In Martinez, the United States Supreme Court recognized that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Id. at 1315. Sampson meets the first two steps of Martinez because Virginia law requires a petitioner to raise all claims of ineffective assistance of counsel on collateral review, and counsel was not appointed for his initial-review collateral proceeding. Id. at 1318 (holding that to excuse default: (1) the state imposing the conviction must require the prisoner to raise an ineffective assistance claim in an initial collateral proceeding rather than on direct review, (2) the state must have failed to appoint counsel in the initial-review collateral proceeding, and (3) the underlying claim must have "some merit"); see, e.g., Lenz v. Commonwealth, 544 S.E.2d 299, 304 (Va. 2001) (explaining that Virginia requires ineffective assistance claims be brought in collateral proceedings). However, as set forth below, Sampson fails to show that his claims are meritorious, and he therefore fails to establish that Martinez excuses his procedural default for claims three, four, five, and six.

**1. Claims Three to Six: Ineffective Assistance of Counsel Claims**

With regard to Sampson's ineffective assistance of counsel claims - claims three, four, five, and six - the court applies the two-part test for ineffective assistance of counsel set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984).[5] To satisfy the "performance" prong of the test, Sampson must show that "counsel's representation fell below an objective standard of reasonableness," such that he "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."[6] Id. To satisfy the "prejudice" prong of the test, Sampson must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[7] Id. at 694. The burden is on the petitioner to show that counsel's performance was deficient because "counsel is strongly

[5] As both prongs of the test are "separate and distinct elements" of an ineffective assistance claim, Sampson must satisfy both requirements of the test to prevail on the merits. Spencer v. Murray, 18 F.3d 229, 232-33 (4th Cir. 1994); see Strickland, 466 U.S. at 697. Likewise, the court can address the elements in any order. Additionally, the court reviews alleged errors of counsel individually, not cumulatively. Fisher v. Angelone, 163 F.3d 835, 852 (4th Cir. 1998).

[6] "In all criminal prosecutions, the accused shall enjoy the right ... to have the assistance of counsel for his defense." U.S. Const. amend. VI.

[7] The Supreme Court has defined a "reasonable probability" as "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005).

presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 687.

**a. Claim Three: Trial Counsel Was Ineffective Because He Failed to "Seek to Accomplish Relevant Information," and the Commonwealth Suppressed Exculpatory Statements**

In Sampson's third claim, he alleges that his trial counsel failed to "seek to accomplish relevant information." (ECF No. 1-1, at 10-13). Specifically, he alleges that his counsel failed to discover exculpatory statements from the robbery victims, which were documented in police reports. Id. at 11-12. He also alleges that the Commonwealth withheld the police reports that contained the exculpatory statements in violation of Brady v. Maryland, 373 U.S. 83 (1963). (ECF No. 1-1, at 12).

Sampson's third claim does not describe all of the "relevant information" that counsel failed "to seek to accomplish." (ECF No. 1-1, at 10). The only specific allegation is that his counsel failed to discover exculpatory statements made by the robbery victims. See id. at 11-12. Sampson raised this claim in his state habeas petition, and in dismissing this claim, the state court held that "petitioner fails to proffer sufficient details regarding defense counsel's failure to obtain the police report (which [was] not discoverable under Rule 3A:11), so that this Court could find

that counsel acted unreasonably." Final Order, Sampson v. Clarke, No. CL14-2100 (Va. Cir. Ct. Nov. 17, 2014). The state habeas court also held that because "petitioner merely alleges, without showing, that counsel was ineffective because he did not have possession of the police report ... he has satisfied neither ... prong of the two-part Strickland test." Id.

Applying Strickland to Sampson's third claim, he fails to meet either the performance prong or the prejudice prong of the two-part test. As to the performance prong, Sampson fails to show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687. That is, "[i]n any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all circumstances, applying a heavy measure of deference to counsel's judgments." Id. at 690-91. Moreover, the record in Sampson's case shows that his trial counsel filed a motion, styled "Motion for Exculpatory Evidence," in which he asked the court to direct the Commonwealth to provide the police report that contained exculpatory statements regarding the victim's description of the robber. Mot. for Exculpatory Evidence, Commonwealth v. Sampson, Nos. CR11-735-00 - CR11-735-07 (Va. Cir. Ct. Jan. 24, 2012). Therefore the record contradicts Sampson's assertion that his counsel failed to seek to discover any exculpatory statements.

Sampson also does not meet Strickland's prejudice prong because he fails to show that but for counsel's conduct the outcome of the trial would have been different. At trial, Sampson's counsel cross-examined the two victims as to the inconsistencies in their testimony regarding their descriptions of the robber. See, e.g., Trial Tr. at 135-49, Commonwealth v. Sampson, Nos. CR11-735-09 - CR11-735-12 (Va. Cir. Ct. Feb. 27, 2012). Moreover, besides identifying the statements related to the victims' inconsistent descriptions of the robber, which were explored by trial counsel on cross-examination, Sampson fails to present or proffer additional evidence that would show that the trial outcome would have been different had his counsel discovered other "relevant information."

With regard to Sampson's claim that the Commonwealth suppressed exculpatory evidence, in Brady v. Maryland, the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87 (1963). The only exculpatory statement that Sampson identifies in his federal habeas petition relates to the following statement from one of the victims: "the Commonwealth possessed police reports [in which one of the victims stated] ... she 'thought [the robbery]

may have been someone from the barbershop playing.'" (ECF No. 1-1, at 11). Sampson states that he "learned about this favorable information during the victim (Simpson) testimony in a separate jury trial on May 17, 2012." See id. Sampson did not present this claim in his state habeas petition, and he does not proffer any facts to support his assertion that the Commonwealth suppressed exculpatory statements. Simply alleging that the Commonwealth suppressed the statements without providing additional support is insufficient to state a claim for federal habeas relief. Accordingly, because Sampson's allegations in his third claim fail to state a claim for federal habeas relief, the court recommends that claim three be dismissed.

**b. Claim Four: Counsel Failed to Investigate and Interview Witnesses**

In claim four, Sampson argues that one of the victims provided an exculpatory statement to the responding police officers, and "'but for' trial counsel's failure to interview the state's key witnesses the result of the proceeding would have been different."[8] (ECF No. 1-1, at 14-16). In dismissing a similar claim in Sampson's state habeas petition, the state court held that "Sampson has failed to proffer either the names of the witnesses or their affidavits," and "failure to proffer

[8] Although Sampson styles claim four as a separate claim, the underlying allegation about the exculpatory statements mirrors the allegations set forth in claim three, and this report's analysis of claim three therefore applies.

affidavits regarding the testimony witnesses would have offered is fatal." Final Order, Sampson v. Clarke, No. CL14-2100, at 8 (Va. Cir. Ct. Nov. 17, 2014).

In his present petition, Sampson alleges that his counsel failed to interview the two victims, however, he does not proffer any additional facts regarding other witnesses his counsel failed to investigate and interview. As to Strickland's prejudice prong, as stated above, trial counsel's investigatory decisions are presumed to be within counsel's reasonable professional judgment. Strickland, 466 U.S. at 690-91 ("In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all circumstances, applying a heavy measure of deference to counsel's judgments."). Moreover, the Commonwealth's witnesses are not required to participate in defense counsel's investigation. See Epperly v. Booker, 366 S.E.2d 62, 66 (Va. 1988) (citing United States v. Walton, 602 F.2d 1176, 1179-80 (4th Cir. 1969)). Because Sampson has not proffered any information to suggest that his counsel's investigatory decisions were unreasonable, he fails to show that his counsel's performance fell below an objective standard of reasonableness. As to Strickland's prejudice prong, Sampson fails to show that but for his attorney's alleged inadequate investigation, the trial outcome would have been different. To the contrary, the

record shows that his trial counsel cross-examined the victim-witnesses about their inconsistent testimony, and this testimony was presented to the jury through this cross-examination. Sampson fails to proffer specific facts or evidence to support his claim that counsel's failure to interview the victims was unreasonable, and he fails to state how the outcome of the trial would have changed if his counsel had conducted these interviews. Accordingly, Sampson's fourth claim fails to state a claim for federal habeas relief.

**c. Claim Five: Counsel Failed to Render an Adequate Defense**

Although Sampson styles his fifth claim as an ineffective assistance of counsel claim for failure to provide a defense, his claim relates to allegations that the Clerk of the Court and the Commonwealth, rather than his trial counsel, improperly renumbered Sampson's indictments following his first trial. See (ECF No. 1-1, at 16-19). As to the ineffective assistance aspect of this claim, Sampson alleges that "a reasonably competent lawyer would have challenged a defect [with the indictments] in his client's defense," and trial counsel merely provided him with "perfunctory representation by appearing in court by Sampson's side." Id. at 18.

In Sampson's state habeas petition, he alleged that his counsel's representation was not adequate. The state habeas

court dismissed this claim, holding that "petitioner ... fails to provide sufficient details regarding defense counsel's supposed omissions in preparing a defense," and he therefore failed to meet the two-prong test set forth in Strickland. Final Order, Sampson v. Clarke, No. CL14-2100, at 9 (Va. Cir. Ct. Nov. 17, 2014).

With regard to Sampson's allegations about the renumbered indictments, he alleged a similar claim in his state habeas petition. Specifically, Sampson alleged that he was sentenced for crimes for which he was not convicted. See State Habeas Pet., Sampson v. Clarke, No. CL14-2100 (Va. Cir. Ct. Aug. 20, 2014). The state habeas court held that "[w]hile it is true that Sampson's first jury trial ended in a mistrial, he was convicted of the offenses in a second jury trial," and because Sampson failed to raise any substantive challenge concerning his two jury trials, the court held that the claim was "procedurally defaulted under the rule in Slayton v. Parrigan." Final Order, Sampson v. Clarke, No. CL14-2100, at 11 (Va. Cir. Ct. Nov. 17, 2014) (citing Slayton v. Parrigan, 205 S.E.2d 680, 682 (1974)).

In Respondent's motion to dismiss Sampson's federal claims, Respondent notes that "[t]he original indictments, CR 11-000735-00 - 07, included charges of abduction and use of a firearm in commission of abduction, which the trial court dismissed at the August 2011 trial on the defendant's motion to strike," and

"[a]fter the mistrial, the remaining robbery ... and firearm charges were renumbered as CR 11-000735-09 - 12." (ECF No. 7, at 13 n. 4). Based on the undersigned's review of the record, this is an accurate summary of which charges remained in the renumbered indictments.[9] See Trial Tr. at 143-57, 194, Commonwealth v. Sampson, Nos. CR11-735-00 - CR11-735-07 (Va. Cir. Ct. Aug. 9, 2011). Sampson's claim that his counsel failed to challenge the allegedly deficient indictments lacks merit because the record shows that the indictment was not deficient, and any such argument by trial counsel would not have changed the outcome of Sampson's trial. Accordingly, in claim five, Sampson fails to state a claim for federal habeas relief.

**d. Claim Six: Counsel Failed to Investigate and Discredit State's DNA and Scientific Evidence**

Sampson's sixth claim alleges that "[t]hough on its face it appears Sampson's trial counsel['s] performance at trial may have been acceptable, ... if one looks closely one would be hard press[ed] to discern any adversarial testing of the prosecution's case" and counsel did not "emphasize flaws in the state DNA evidence." (ECF No. 1-1, at 22). Sampson presented this claim in his state habeas petition, and the state court

[9] Although the state court record does not include a specific discussion about the state court's decision to renumber the indictments, the charges included in indictments numbered CR11-735-09 - CR11-735-12 contain the same charges as those set forth in the indictments CR11-735-00 - CR11-735-07, minus the charges dismissed on the defendant's motion to strike during his first trial.

dismissed this claim for failure to explain why trial counsel's pre-trial investigation was unreasonable. Final Order, Sampson v. Clarke, No. CL14-2100, at 9 (Va. Cir. Ct. Nov. 17, 2014).

In Sampson's present petition, he fails to proffer any facts supporting his claim that trial counsel failed to investigate and discredit the DNA and scientific evidence. To the contrary, in his petition, Sampson details the scientific evidence and testimony presented at trial, including his trial counsel's cross-examination of the forensic experts, which elicited testimony discrediting the Commonwealth's forensic evidence. See (ECF No. 1-1, at 20-22).

As set forth above in greater detail, applying Strickland to this claim, Sampson fails to meet either the performance prong or the prejudice prong. With regard to the performance prong, Sampson fails to show that his counsel's decisions about pre-trial investigation, which are presumed to be within counsel's reasonable professional judgment, fell below an objective standard of reasonableness. As to the prejudice prong, at trial, Sampson's counsel vigorously cross-examined the Commonwealth's forensic experts, and this cross-examination emphasized the inconsistencies and inconclusive findings related to the scientific evidence. See, e.g., Trial Tr. at 19-24, 25-26, 28, 51-69, 76-86, Commonwealth v. Sampson, Nos. CR11-735-09 - CR11-735-12 (Va. Cir. Ct. Feb. 28, 2012). Sampson therefore

fails to show that but for his counsel's conduct, the trial outcome would have been different because through his counsel's cross-examination, testimony as to inconsistencies and inconclusive findings related to the scientific evidence was presented to the jury. Accordingly, Sampson fails to state a claim for federal habeas relief because he fails to provide support for this claim.

**2. Claim Seven: Violation of Right to Non-Discriminatory Jury Trial**

In claim seven, Sampson alleges that his "right[] to a non-discriminatory jury trial ... was violated." (ECF No. 1-1, at 23-24). To support this claim, Sampson cites Batson v. Kentucky, 476 U.S. 79 (1986), for the proposition that "a prosecutor's use of peremptory challenges may not be used to exclude jurors based sole[l]y on their race." (ECF No. 1-1, at 23). He alleges that after his trial counsel "objected to the Commonwealth's strike of a[n] African-American potential juror ... the Commonwealth advised that he was struck because he had an assault and battery conviction and that during selection his eyes were closed on more than one occasion." Id. at 24 (citing Trial Tr. at 55, Commonwealth v. Sampson, Nos. CR11-735-09 - CR11-735-12 (Va. Cir. Ct. Feb. 27, 2012)). Sampson also alleges that although "[t]he court ruled that the strikes were not discriminatory[,] ... the court prior to its ruling, never

considered cautioning the juror to pay attention, nor did he independently evaluate the juror to see if he had some - type of disability." Id. Sampson raised this claim in his state habeas petition, and the state court dismissed the claim, relying on the state court's analysis as to his jury composition claim. Final Order, Sampson v. Clarke, No. CL14-2100 (Va. Cir. Ct. Nov. 17, 2014).

In Batson v. Kentucky, the United States Supreme Court held that "the Equal Protection Clause forbids the prosecutor to challenge potential jurors solely on account of their race." Batson, 476 U.S. at 89. When raising this issue in a habeas petition, "[i]t is simply not enough ... for a petitioner to allege there might have been some discrimination in some aspect of his trial." Dixon v. Clark, No. 3:12cv429, 2013 WL 4880465, at *7 (E.D. Va. Sept. 12, 2013) (emphasis in original) (citations omitted). That is, "[c]onclusory, general allegations ... fail to support a Batson claim." Id. Here, Sampson raises the same arguments about the prosecutor's peremptory strikes that his counsel raised at trial. See Trial Tr. at 55-61, Commonwealth v. Sampson, Nos. CR11-735-09 - CR11-735-12 (Va. Cir. Ct. Feb. 27, 2012). Sampson only offers conclusory Batson allegations, and he fails to proffer facts or evidence to show that the prosecutor exercised his peremptory

strikes in a discriminatory manner. In claim seven, Sampson therefore fails to state a claim for federal habeas relief.

**D. Sampson's Motion to Amend His Petition**

On June 23, 2016, Sampson filed a motion to amend his federal habeas petition. Mot. to Amend (ECF No. 14). In his motion, he argues that his rights under the Fifth, Sixth, and Fourteenth Amendments were violated by his sentence because he "was convicted of crimes the Grand Jury did not indict[] [him] on." Id. at 4. He asks the court to "vacate the covict[ion] under indictments -09-10-11-12, and reverse[] [and] remand[] on the indictment -08." Id. Attached to his motion, Sampson submitted the first two pages of the transcript for his June 19, 2012, sentencing hearing, id. at 6-7, as well as the indictments for his robbery charges, his use of a firearm in commission of a felony charges, and the possession of a firearm by a violent felon charge, id. at 8-12.

Sampson is correct that his original indictments contained the numbers CR11-735-00 to CR11-735-07 and CR11-724-08, rather than CR11-735-08 and CR11-735-09 to CR11-735-12.[10] Indictment numbers CR11-735-08 and CR11-735-09 to CR11-735-12 were the indictment numbers used after the first trial ended in a mistrial. As discussed in greater detail above, at the first

[10] As discussed above, the Chesapeake Circuit Court did not renumber the indictment for the possession of a firearm by a violent felon charge (CR11-735-08).

trial, the court granted Sampson's motion to strike as to his charges for abduction and use of a firearm in the commission of abduction. For reasons not detailed in the record before the undersigned, the Chesapeake Circuit Court renumbered the indictments.[11] Although the indictments were renumbered, the charges remained the same, with the exception of the charges dismissed on Sampson's motion to strike during his first trial. Accordingly, the record does not support Sampson's claim that he was sentenced for crimes for which he was not indicted. The undersigned recommends that the court grant Sampson's motion to amend his petition (ECF No. 14), however, to the extent Sampson seeks to assert a new claim for federal habeas relief in his motion to amend, the undersigned recommends that the court dismiss the claim with prejudice for the reasons set forth in this section and in greater detail above.

---

[11] In his motion to amend, Sampson argues that the Chesapeake Circuit Court Judge's discussion about the indictment numbers prior to sentencing shows that he was convicted of crimes for which he was not indicted. The exchange cited by Sampson was as follows:

> The Court: Have you looked at the indictment numbers on that front page, Mr. Winn? ... I know the -08 is the possession of a firearm by a convicted felon. I feel comfortable with that, but the other ones indicate -10, -11, -12, and -09.... Did you-all reassign the numbers after the mistrial?
> The Clerk: Yes, sir.

Sentencing Tr. at 2, Commonwealth v. Sampson, Nos. CR11-735-08 - CR11-735-12 (Va. Cir. Ct. June 19, 2012).

## III. RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the court GRANT Sampson's Motion to Amend (ECF No. 14), GRANT Respondent's Motion to Dismiss (ECF No. 5), and that Sampson's petition for a writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and the claims DISMISSED with prejudice. To the extent that Sampson's Motion to Amend includes an additional claim for federal habeas relief, the undersigned recommends that the court dismiss this additional claim with prejudice.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendation within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. §636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk shall mail a copy of this Report and Recommendation to the Petitioner and to counsel of record for the Respondent.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

July 15 2016

**Clerk's Mailing Certificate**

A copy of the foregoing Report and Recommendation was mailed this date to:

**Keith Sampson**
#1132316
Sussex I State Prison
24414 Musselwhite Drive
Waverly, Virginia 23891

and an electronic copy was provided to:

**Kathleen Beatty Martin**
Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219

Fernando Galindo, Clerk

By_______________
Deputy Clerk

July 15, 2016