**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

FILED
SEP 23 2016
CLERK, US DISTRICT COURT
NORFOLK, VA

**KEITH SAMPSON, #1132316,**

**Petitioner,**

**v.** **ACTION NO. 2:15cv370**

**HAROLD W. CLARKE, Director,**
**Virginia Department of Corrections,**

**Respondent.**

**FINAL OPINION AND ORDER**

This matter was initiated by Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 ("petition"), submitted pro se by petitioner Keith Sampson. The petition alleges violation of federal rights pertaining to petitioner's convictions in 2012, in the Circuit Court of the City of Chesapeake, Virginia, of two counts of robbery, two counts of using a firearm in commission of a robbery, and one count of being a felon in possession of a firearm. As a result of the convictions, petitioner was sentenced to serve 31 years in prison.

The matter was referred to a United States Magistrate Judge for report and recommendation pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Report and Recommendation ("R&R") filed July 15, 2016, recommends denial and dismissal of the petition. Each party was

advised of his right to file written objections to the findings and recommendations made by the magistrate judge. On August 15, 2016, the court received the petitioner's Objection to the R&R. (ECF No. 16). On August 22, 2016, the court received a handwritten submission from the petitioner which it construed as a Supplemental Objection to the R&R (ECF No. 17). The respondent filed no response to either set of objections and the time for responding has now expired. The matter is ripe for final review by this court.

I.

Petitioner filed a pleading entitled "Motion to Amend" on June 23, 2016 (ECF No. 14), which the R&R recommended granting. However, upon review, the pleading is not, in effect, a motion to amend the petition, as it contains no new grounds for relief. To the extent that the petitioner filed a pleading labeled "Motion to Amend,"[1] there are not any new grounds raised by the pleading that are not already raised in the petition. The grounds raised by the petition are as follows: violation of Due Process under the Fifth and Fourteenth Amendments based on insufficient evidence; violation of right to a fair trial under the Sixth and Fourteenth Amendments based on systematic exclusion in jury selection; ineffective assistance of counsel based on failure to seek relevant information; ineffective assistance of counsel based on failure to

1 Similarly, the petitioner entitled the document that this court construed as a "Supplemental Objection" to the R&R as a "Motion to Amend." ECF No. 17 at 1.

investigate and interview crucial witnesses in the case; ineffective assistance based on failure to investigate and discredit the state's scientific evidence; ineffective assistance of counsel based on failure to provide an adequate defense by challenging an indictment; and violation of Due Process with respect to a re-numbered indictment. ECF No. 1. The grounds raised by the pleading entitled "Motion to Amend" are as follows: ineffective assistance of counsel under the Sixth Amendment based on failure to challenge a defective indictment and violation of Due Process under the Sixth and Fourteenth Amendments based on a defective indictment. ECF No. 14.

The phrasing of the arguments in the "Motion to Amend" may be somewhat different, but essentially the petitioner makes the same arguments relating to the allegedly defective indictment in the "Motion to Amend" that he makes in the petition. The "Motion to Amend" simply elaborates on what the petitioner alleges was a defective indictment, and mentions that there was a discussion about re-numbering the indictment at his sentencing hearing on June 19, 2012. ECF No. 14 at 2-3. However, both the "Motion to Amend" and the petition assert that the petitioner was denied his rights to Due Process and Effective Assistance of Counsel based on his attorney's failure to challenge the numbering of the indictment following a mistrial. ECF No. 1 at 16-18; ECF No. 14 at 2-4. As such, the "Motion to Amend" does not raise any new grounds for

relief not already raised in the petition. However, to the extent that the "Motion to Amend" adds additional argument to the grounds already raised in the petition, the court in ruling herein, and the magistrate judge as addressed in the R&R, [2] have considered these arguments. Accordingly, the "Motion to Amend" (ECF No. 14) is **GRANTED** as a supplemental briefing to the petition.[3]

**II.**

The court, having reviewed the record and examined the objections filed by the petitioner to the R&R, and having made de novo findings with respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the R&R filed July 15, 2016 (ECF No. 15). Accordingly, respondent's Motion to Dismiss (ECF No. 5) is **GRANTED**, and the petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1) is **DENIED** and **DISMISSED**.

Petitioner is hereby notified that he may appeal from the judgment entered pursuant to this Final Opinion and Order by filing a written notice of appeal with the Clerk of this court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of entry of such judgment.

Petitioner has failed to demonstrate a substantial showing of the denial of a constitutional right, therefore, the Court declines

2 See R&R at 38-39.

3 See supra note 1.

to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

The Clerk is directed to mail a copy of this Final Opinion and Order to petitioner and to provide an electronic copy of the Final Opinion and Order to counsel of record for respondent.

/s/
Rebecca Beach Smith
Chief Judge

REBECCA BEACH SMITH
CHIEF JUDGE

September 23, 2016